# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

**No. 21-7035**                                      **September Term, 2020**

**1:21-cv-00496-UNA**

**Filed On:** August 6, 2021

Lindokuhle Mnyandu El,

        Appellant

    v.

Alexander Van der Bellen, President of
Austria, et al.,

        Appellees

### ON APPEAL FROM THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

**BEFORE:**    Millett, Wilkins, and Jackson, Circuit Judges

### <u>J U D G M E N T</u>

This appeal was considered on the record from the United States District Court for the District of Columbia and on the brief filed by appellant.  <u>See</u> Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j).  It is

**ORDERED AND ADJUDGED** that the district court's order filed March 24, 2021, be affirmed.  As an initial matter, because appellant does not make any arguments regarding Tim Smith on appeal, he has forfeited his ability to do so.  <u>See</u> <u>United States ex rel. Totten v. Bombardier Corp.</u>, 380 F.3d 488, 497 (D.C. Cir. 2004) ("Ordinarily, arguments that parties do not make on appeal are deemed to have been waived.").  Turning to the remaining defendants, the Foreign Sovereign Immunities Act ("FSIA"), "if it applies, is the 'sole basis for obtaining jurisdiction over a foreign state in federal court.'"  <u>Samantar v. Yousuf</u>, 560 U.S. 305, 314 (2010) (quoting <u>Argentine Republic v. Amerada Hess Shipping Corp.</u>, 488 U.S. 428, 439 (1989)); <u>see</u> 28 U.S.C. §§ 1330(a), 1604.  Appellant has not shown that the district court erred in treating his claims as being brought against foreign states and not foreign officials.  <u>See</u> <u>Samantar</u>, 560 U.S. at 325 ("[I]t may be the case that some actions against an official in his official capacity should be treated as actions against the foreign state itself, as the state is the real party in interest.").  Further, appellant has not alleged any facts that could show that any of the exceptions to sovereign immunity enumerated in the FSIA applies, and has not identified any error in the district court's dismissal without prejudice of his civil action for lack of jurisdiction.  <u>See</u> <u>Odhiambo v. Republic of Kenya</u>, 764 F.3d 31, 34 (D.C. Cir. 2014) ("Under the FSIA, a district court has subject matter jurisdiction over a suit against a foreign state if—and only if—the plaintiff's claim falls within a statutorily enumerated exception.").

# United States Court of Appeals

FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

## No. 21-7035            September Term, 2020

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**

**FOR THE COURT:**
Mark J. Langer, Clerk

BY:    /s/
Daniel J. Reidy
Deputy Clerk